## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. AND PHILIPS LIGHTING NORTH AMERICA CORPORATION, | |
| Plaintiffs, | CIVIL ACTION NO. 1:15-cv-11053 |
| v. | **DEMAND FOR JURY TRIAL** |
| TROY-CSL LIGHTING, INC., | |
| Defendant. | |

### COMPLAINT

Plaintiffs Koninklijke Philips N.V. ("KPNV") and Philips Lighting North America Corporation ("PLNA") (collectively, "Philips") bring this complaint for patent infringement against Defendant Troy-CSL Lighting, Inc. ("Troy-CSL").

### NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Philips against Troy-CSL for infringement of United States Patent Nos. 6,013,988 ("the '988 patent"), 6,094,014 ("the '014 patent"), 6,250,774 ("the '774 patent"), 6,561,690 ("the '690 patent"), 7,038,399 ("the '399 patent"), 7,262,559 ("the '559 patent"), and 7,352,138 ("the '138 patent") (collectively, the "patents-in-suit").

### THE PARTIES

2. Plaintiff Koninklijke Philips N.V., formerly known as Koninklijke Philips Electronics N.V., is a corporation organized and existing under the laws of the Netherlands, with a principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands.

3. Plaintiff Philips Lighting North America Corporation is a corporation organized and existing under the laws of Delaware, with a principal place of business at 200 Franklin Square Drive, Somerset, New Jersey 08873.

4. Upon information and belief, Defendant Troy-CSL Lighting, Inc. is a corporation organized and existing under the laws of California, with a principal place of business at 14508 Nelson Avenue, City of Industry, California 91744.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant has made, used, provided, sold, offered to sell, imported, or distributed to others for such purposes, lighting products and systems employing light-emitting diodes ("LEDs") for illumination ("LED Lighting Devices") throughout the United States, including Massachusetts and this judicial district.

7. Upon information and belief, Defendant maintains or has maintained continuous and systematic contacts with Massachusetts and this judicial district and has committed tortious activity within the district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b), as *inter alia* the Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

9. Upon information and belief, Defendant's LED Lighting Devices include, without limitation, products under the Creative Systems Lighting (CSL) and Troy Lighting brands. Defendant's LED Lighting Devices include interior and exterior lighting products including hanging lights, downlights, linear and task lights, sconce lights, flush lighting fixtures, flood

lights, path lights, step lights, deck lights, wall lights, well lights, underwater lights, post fixtures, and other luminaire-type lighting products.

### COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,013,988

10. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

11. On January 11, 2000, the United States patent & Trademark Office ("Patent Office") duly and legally issued the '988 patent, entitled "Circuit Arrangement, and Signaling Light Provided with the Circuit Arrangement," to Marcel J. M. Bucks et al.  Plaintiff KPNV is the assignee and owner of the '988 patent, a copy of which is attached hereto as Exhibit A.

12. Upon information and belief, Defendant is engaged in activities that infringe the '988 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED, Eco-Counter LED, and Dexter Exterior LED Wall Sconce products, in the United States.

13. Upon information and belief, Defendant is aware of the '988 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

14. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,094,014

15. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

16. On July 25, 2000, the Patent Office duly and legally issued the '014 patent, entitled "Circuit Arrangement, and Signaling Light Provided with the Circuit Arrangement," to Marcel J. M. Bucks et al.  Plaintiff KPNV is the assignee and owner of the '014 patent, a copy of which is attached hereto as Exhibit B.

17. Upon information and belief, Defendant is engaged in activities that infringe the '014 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED products, Eco-Counter LED, and Dexter Exterior LED Wall Sconce, in the United States.

18. Upon information and belief, Defendant is aware of the '014 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

19. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,250,774

20. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

21. On June 26, 2001, the Patent Office duly and legally issued the '774 patent, entitled "Luminaire," to Simon H. A. Begemann et al.  Plaintiff KPNV is the assignee and owner of the '774 patent, a copy of which is attached hereto as Exhibit C.

22. Upon information and belief, Defendant is engaged in activities that infringe the '774 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED products, in the United States.

23. Upon information and belief, Defendant is aware of the '774 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

24. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT IV: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,561,690

25. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

26. On May 13, 2003, the Patent Office duly and legally issued the '690 patent, entitled "Luminaire Based on the Light Emission of Light-Emitting Diodes," to Christophe Balestriero et al. Plaintiff KPNV is the assignee and owner of the '690 patent, a copy of which is attached hereto as Exhibit D.

27. Upon information and belief, Defendant is engaged in activities that infringe the '690 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED products, in the United States.

28. Upon information and belief, Defendant is aware of the '690 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

29. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT V: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,038,399

30. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

31. On May 2, 2006, the Patent Office duly and legally issued the '399 patent, entitled "Methods and Apparatus for Providing Power to Lighting Devices," to Ihor A. Lys et al. Plaintiff PLNA is the assignee and owner of the '399 patent, a copy of which is attached hereto as Exhibit E.

32. Upon information and belief, Defendant is engaged in activities that infringe the '399 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED products, Eco-Counter LED, and Dexter Exterior LED Wall Sconce, in the United States.

33. Upon information and belief, Defendant is aware of the '399 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

34. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

**COUNT VI: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,262,559**

35. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

36. On August 28, 2007, the Patent Office duly and legally issued the '559 patent, entitled "LEDs Driver," to Ajay Tripathi et al.  Plaintiff KPNV is the assignee and owner of the '559 patent, a copy of which is attached hereto as Exhibit F.

37. Upon information and belief, Defendant is engaged in activities that infringe the '559 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED products, Eco-Counter LED, and Dexter Exterior LED Wall Sconce, in the United States.

38. Upon information and belief, Defendant is aware of the '559 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

39. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

**COUNT VII: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,352,138**

40. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

41. On April 1, 2008, the Patent Office duly and legally issued the '138 patent, entitled "Methods and Apparatus for Providing Power to Lighting Devices," to Ihor A. Lys et al. Plaintiff PLNA is the assignee and owner of the '138 patent, a copy of which is attached hereto as Exhibit G.

42. Upon information and belief, Defendant is engaged in activities that infringe the '138 patent under 35. U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its Eco-Downlight LED products, Eco-Counter LED, and Dexter Exterior LED Wall Sconce, in the United States.

43. Upon information and belief, Defendant is aware of the '138 patent and their infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

44. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that Defendant infringes the patents-in-suit and a final judgment incorporating same;

(b) entry of preliminary and/or permanent equitable relief, including but not limited to a preliminary and/or permanent injunction that enjoin Defendant and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with it from infringing and/or inducing infringement of the patents-in-suit;

(c) an award of damages sufficient to compensate Plaintiffs for infringement of the patents-in-suit by Defendant, together with prejudgment and post-judgment interest;

(d) a declaration or order finding that Defendant's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

(e) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees, costs, and expenses; and

(f) such other relief deemed just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury of all issues so triable by a jury in this action.

Dated: March 20, 2015   Respectfully submitted,

/s/ Denise W. DeFranco
Denise W. DeFranco (BBO No. 558859)
denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
Telephone: (617) 646-1600
Facsimile: (617) 646-1666

**Attorney for Plaintiffs**
Koninklijke Philips N.V. and
Philips Lighting North America Corporation