IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KONINKLIJDE PHILIPS N.V. AND PHILIPS LIGHTING NORTH AMERICA CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 1:15-cv-11053-WGY |
| v. | ) ) | |
| TROY-CSL LIGHTING, INC., | ) ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STAY THE CASE IN VIEW OF INSTITUTED IPRS</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND .................................................................................................. 2

    A.    The Asserted Patents and the IPRs ........................................................ 2

    B.    The Stage of the Litigation ..................................................................... 4

    C.    Philips' Licensing Program .................................................................... 4

III.    ARGUMENT ....................................................................................................... 4

    A.    This Case Has Just Started ..................................................................... 6

    B.    A Stay Will Significantly Simplify the Issues and Trial ......................... 7

    C.    There Is No Prejudice to Plaintiffs ........................................................ 11

IV.     CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Acqis, LLC v. EMC Corp.*,
  No. 14-cv-13560, 2015 WL 3617106 (D. Mass. June 10, 2015)....................................... 6, 7, 8

*Aplix IP Holdings Corp. v. Sony Computer Entertainment, Inc.*,
  No. 14-cv-12745, 2015 WL 5737145 (D. Mass. Sept. 28, 2015) ............................................ 6

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
  No 12-cv-01109, 2014 WL 1369721 (D. Del. Apr. 7, 2014)..................................................... 8

*Bose Corp. v. SDI Technologies, Inc.*,
  No. 13-cv-10277 ............................................................................................................. 5, 7

*Delphix Corp. v. Actifio, Inc.*,
  No. 13-cv-04613, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ........................................... 8

*Destination Maternity Corp. v. Target Corp.*,
  12 F.Supp.3d 762 (E.D. Pa. 2014) ...................................................................................... 11

*Evolutionary Intelligence LLC v. Yelp Inc.*,
  No. 13-cv-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013)........................................... 11

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
  No. 13-cv-04201, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014).................................................. 8

*Evolutionary Intelligence, LLC v. LivingSocial, Inc.*,
  No. 13-cv-04205, 2014 WL 213179 (N.D. Cal. Jan. 17, 2014)............................................... 9

*e-Watch, Inc. v. ACTi Corp.*,
  No. 12-cv-00695, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013)............................................ 9

*Ilumisys, LLC v. Philips Electronics N. Am. Corp.*,
  13-cv-14961 (E.D. Mich. July 7, 2014) ............................................................................... 10

*Intellectual Ventures I LLC v. PNC Financial Servs. Grp., Inc.*,
  No. 14-cv-00832, 2014 WL 3942277 (W.D. Pa. Aug. 12, 2014)........................................... 9

*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*,
  No. 13-cv-04160, 2014 WL 2511308 (W.D. Mo. June 4, 2014)............................................. 7

*Intellectual Ventures v. Huntington Bancshares, Inc.*,
  No. 13-cv-00785, 2014 WL 2589420 (S.D. Ohio June 10, 2014)........................................... 9

*Koninklijke Philips N.V. v. Wangs Alliance Corp.*,
  No. 14-cv-12298-GAO (D. Mass. May 28, 2014) (ECF No. 1) ................................................ 3

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
No. 13-cv-01356, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ........................................... 5, 8

*SCVNGR, Inc. v. eCharge Licensing, LLC*,
No. 13-cv-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014) ........................................... 10

*Service Solutions U.S., LLC v. Autel.US Inc.*,
No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015) ................................................. 8

*Software Rights Archive, LLC v. Facebook, Inc.*,
No. 12-cv-3970, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ........................................... 5

*SSW Holding Co., Inc. v. Schott Gemtron Corp.*,
No. 12-cv-661, 2013 WL 4500091 (W.D. Ky. Aug. 21, 2013) ............................................... 8

*Versata Software, Inc. v. Callidus Software*, Inc.,
771 F.3d 1368 (Fed. Cir. 2014) ........................................................................................... 7

*Zond, LLC v. Fujitsu Ltd.*,
No. 13-cv-11634 ................................................................................................................. 5

**Statutes**

35 U.S.C. § 311 ................................................................................................................... 3

35 U.S.C. § 314 ................................................................................................................... 5

35 U.S.C. § 315 ................................................................................................................ 3, 5

35 U.S.C. § 316 ................................................................................................................... 5

35 U.S.C. § 318 ................................................................................................................... 5

## I.      <u>INTRODUCTION</u>

Defendant Troy files this motion to stay the case in view of the fact that the Patent Trial and Appeal Board ("PTAB") recently granted petitions for *inter partes review* ("IPR") for most of the patents asserted in this case.  After reviewing IPR petitions for five of the asserted patents, and Philips' opposing arguments, the PTAB determined there is a reasonable likelihood that the relevant patent claims will be found to be invalid.  A stay of this case pending the outcome of the IPRs is appropriate because it will simplify the issues, avoid unnecessary litigation, and conserve the resources of the Court.

When considering whether it is appropriate to stay litigation in view of pending IPRs, courts generally consider the stage of the litigation, whether the IPRs will simplify the issues and trial, and whether the non-moving party will suffer any prejudice.  Here, all three factors weigh very heavily in favor of a stay.

First, this case has only just begun, with only very minimal discovery having taken place, and with no depositions, claim construction, or expert discovery having yet occurred.  Second, the IPRs will significantly simplify the issues for trial, as five of the seven patents at issue in this case, including nearly all of the specific claims asserted, are at issue in those IPRs.  Because the IPRs have now been instituted by the PTAB, it is likely that all of these claims will be declared invalid, such that any resources expended by the court and the parties on these five patents would be a waste.  Additionally, claims could be cancelled or modified during the IPR, changing what is presently being disputed.  Moreover, even if there were some claims not invalidated, cancelled, or modified,  the PTABs resolution of issues concerning claim construction and its expert opinion comparing the claims to the asserted prior art would be of benefit to this Court and the parties. Finally, there is no prejudice to Philips.   This lawsuit was not borne out of an urgent need to

remove an allegedly infringing competitor's products from the market, but rather, arose from Plaintiffs' efforts to compel Troy to join Plaintiffs' massive licensing program.  Plaintiffs have already permitted hundreds of licensees to sell products in exchange for royalties, evidencing that the only harm Plaintiffs would allegedly suffer from Troy's presence on the market is monetarily compensable in the event Plaintiffs ultimately prevailed.

Though the IPRs were filed by another party, this is of little significance in *this case*, where the PTAB has already indicated that the relevant claims of the patents are likely invalid and instituted the IPRs, for the reasons further explained below.  Because the litigation has just begun and there is no prejudice to Plaintiffs, a stay is warranted in view of the fact that most of the claims in this case will likely be declared invalid in the near future, and regardless, relevant issues of claim construction and prior art analysis will have been determined.  Time and again, courts (including those in this district) have determined that a stay of litigation is appropriate once IPRs addressing overlapping patents have been instituted by the PTAB, even in circumstances much less compelling than this one.  For these reasons, Troy respectfully requests a stay of the case pending resolution of these IPRs.

## II.   <u>BACKGROUND</u>

### A.  The Asserted Patents and the IPRs

Plaintiffs have asserted seven patents against Troy in this case: U.S. Patent Nos. 6,250,774 ('774), 6,561,690 ('690), 6,013,988 ('988), 7,352,138 ('138), 7,038,399 ('399), 7,262,559 ('559), and 6,094,014 ('014).  (ECF No. 1.)  However, before initiating the present litigation against Troy, Plaintiffs filed a separate litigation against Wangs Alliance Corp. ("WAC")—currently pending in this district—in which Plaintiffs asserted the first five of these patents ('774, '690, '988, '138,

'399).  *Koninklijke Philips N.V. v. Wangs Alliance Corp.*, No. 14-cv-12298-GAO (D. Mass. May 28, 2014) (WAC ECF No. 1).  WAC subsequently filed IPR petitions for these five patents pursuant to 35 U.S.C. 311, followed by a motion to stay that lawsuit.  *Id.* (WAC ECF No. 94-95.)[1]

On November 25, 2015, having reviewed WAC's petitions and Phillips' responses thereto, the PTAB determined that there is indeed a reasonable likelihood that most of the asserted claims will be found invalid, and it instituted all five IPRs.  *See* Aldrich Decl.[2,] Exs. A-E.)  With respect to the first three ('774, '690, '988), the PTAB has determined that the *exact* same claims that have been asserted in this case are likely unpatentable.[3]  With respect to the remaining two ('138, '399), though there was not *identical* overlap between the claims at issue in the IPR petitions and those asserted in this case, the PTAB has already determined that nearly all of the claims asserted in this case are likely unpatentable, omitting only three dependent claims in total.[4]

The schedules for those IPR proceedings end approximately eight months from the filing of this motion.  *See* Aldrich Decl., Ex. F at 8, Ex. G at 7.

---

[1] Troy's own time for filing IPR petitions for the asserted patents in this case runs through March 2016.  35 U.S.C. 315(b).

[2] Declaration of David W. Aldrich In Support of Defendant's Motion to Stay the Case In View of Instituted IPRs, filed concurrently herewith.

[3] *Compare* IPR decisions for '774, '690, and '988 patents (Aldrich Decl., Ex. A at 2, Ex. B at 2, and Ex. C at 2) *with* Infringement Contentions (Aldrich Decl., Ex. H).

[4] *Compare* IPR decision for '138 patent (Aldrich Decl., Ex. D at 2: claims 1, 2, 9, 10, 11, 20, 21, 23, 34) *with* Infringement Contentions (Aldrich Decl., Ex. H: claims claims 1, 2, 9, 10, 11, 20, 21, **22**, 23, 34).  Compare IPR decision for '399 patent (Aldrich Decl., Ex. E at 2: claims 7, 8, 17, 18, 28, 34) *with* Infringement Contentions (Aldrich Decl., Ex. H: claims claims 7, 8, 17, 18, **19**, 28, 34, **35**).

### B.  The Stage of the Litigation

This case has only just begun.  Discovery opened on October 9, 2015.  (ECF No. 37 at 1).
At the time of filing this motion, very little written discovery or document production has been
provided.  For instance, in responding to the mere five interrogatory questions served upon them,
Plaintiffs have not yet provided most of the information requested, thus far declining to even
identify any of their covered products (Interrogatory No. 1) or any individuals with relevant
knowledge (Interrogatory No. 2).  *See* Aldrich Decl., Ex. I.  With respect to document production,
Plaintiffs have produced a total of 12,731 pages.  *Id.*, Ex. J.  Together, the parties have produced a
grand total of 15,506 pages to date, a good portion of which is simply copies of the patents, their
file histories, papers that have already been filed/served in the case, and communications between
the parties.  *Id.*, Exs. J-K.  Because of the early stage of the case, there have been no depositions,
no claim construction proceedings, and no expert discovery.

### C.  Philips' Licensing Program

Plaintiffs have a substantial licensing program relating to the patents in suit.  *See* Aldrich
Decl., Exs. L, M. This licensing program, which Philips calls "enabLED: LED Luminaries and
Retrofit Bulbs Licensing Program," offers standard royalty payment methods (*see id.*, Ex. L. at 3-
4) and standard royalty rates (*see id.*, Ex. N at 9-10).  Plaintiffs launched this program in 2008—
seven years ago.  *See id.*, Ex. L at 2.  To date, Plaintiffs have over 500 licensees.  *See id.*

## III.  <u>ARGUMENT</u>

As part of the America Invents Act ("AIA"), Congress introduced a new procedure that
can be used to challenge the validity of patents.  *See* 35 U.S.C. §§ 311-319.  This procedure permits
a party that has been sued for infringement of a patent to file a petition seeking an *Inter Partes*

Review (IPR) of that patent within one year of being served with the complaint.  35 U.S.C. §

315(b).  Employing a heightened standard, Congress specified that an IPR cannot be instituted

unless, after reviewing the petition and any preliminary response from the patent owner, there is a

"reasonable likelihood" that the petitioner will indeed establish unpatentability.  35 U.S.C. §

314(a).  If instituted, the Patent Trial & Appeal Board will conduct a full review and issue a final

written decision in short order.  *See* 35 U.S.C. §§ 316(a)(11), (c), 318(a).

   With this procedure, Congress aimed to "establish a more efficient and streamlined patent

system that will improve patent quality and limit unnecessary and counterproductive litigation

costs."  *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356, 2014 WL 116340, at *1

(N.D. Cal. Jan. 13, 2014).  Therefore, staying a related litigation while the PTAB considers the

patentability of the claims is often appropriate because, as one court noted, "[a] stay effectuates

the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling

any claims that should not have issued in the patents-in-suit before costly litigation continues."

*Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-3970, 2013 WL 5225522, at *6 (N.D.

Cal. Sept. 17, 2013).  A stay is particularly justified once an IPR has been instituted, because the

PTAB has then already determined there is a "reasonable likelihood" that the patents will be

invalidated.  *See PersonalWeb Techs.*, 2014 WL 116340, at *2 ("This new threshold requirement

presents a more stringent standard than the previous "substantial new question of patentability"

and thus provides some assurance that the delay suffered as a result of IPR will be worthwhile.").

   This Court has previously administratively closed litigation in view of pending IPRs, even

upon the defendants' mere *filing* of petitions for IPR.  *See Zond, LLC v. Fujitsu Ltd.*, No. No. 13-

cv-11634 (ECF No. 126) (closure in view of filed IPRs); *Bose Corp. v. SDI Technologies, Inc.*,

No. 13-cv-10277 (ECF No. 111) (closure in view of instituted IPRs).  Though those IPRs were

filed by the defendant, Troy submits that, for reasons further discussed below, the identity of the IPR petitioner is of little import in circumstances such as these, where the PTAB has *instituted* IPRs representing a substantial overlap with this case (and thus, has already indicated that it is reasonably likely to render most of the claims in this case invalid).   Several other courts in the district have likewise recently stayed litigation in view of instituted IPRs.  *See Aplix IP Holdings Corp. v. Sony Computer Entertainment, Inc.*, No. 14-cv-12745-MLW, 2015 WL 5737145 (D. Mass. Sept. 28, 2015); *Acqis, LLC v. EMC Corp.*, No. 14-cv-13560-ADB, 2015 WL 3617106 (D. Mass. June 10, 2015).

When assessing whether to grant the stay, courts typically consider three factors: (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *Aplix*, 2015 WL 5737145, at *2.  All three factors weigh very heavily in favor of a stay in this case.

### A.  This Case Has Just Started

This case is in its infancy.   Discovery did not even begin until October 9, 2015. (ECF No. 37 at 1).  As detailed above, very little fact discovery has been exchanged.  At the time of filing this motion, the parties' collective document production consists of a total of 15,506 pages.  *See* Aldrich Decl., Exs. J-K.  Further, Plaintiffs themselves have provided very little information in response to Troy's first set of interrogatories, so far declining to even identify any of their covered products (Interrogatory No. 1) or any individuals with relevant knowledge (Interrogatory No. 2). *See id.*, Ex. I.  There have been no depositions, no claim construction proceedings, and no expert discovery.

This Court and others in this district have granted stays in view of the pending IPRs at much later stages of litigation.  See, e.g., *Bose Corp. v. SDI Technologies, Inc.*, No. 13-cv-10277 (ECF No. 111) (administratively closed after Markman hearing); *Acqis*, 2015 WL 3617106, at *4 (D. Mass. June 10, 2015) (stayed after claim construction opinion and production of 1.5 million pages of documents). The very early stage of this litigation weighs in favor of a stay.

### B.  A Stay Will Significantly Simplify the Issues and Trial

The overlap between the pending IPRs and this litigation is significant.  Most of the patents at issue in this case (five of seven) are the subject of instituted IPRs.  For these five patents, there is nearly identical correspondence between the claims at issue in the IPRs and the claims asserted in this litigation.  *See* footnotes 3-4, *supra*.  In view of this, simplification of the case is almost assured.

First and foremost, most of the claims in this case are likely to be invalidated.  Additionally, some claims may be cancelled or modified during the proceedings, thereby altering the claims presently being litigated.  Moreover, whether or not claims are invalidated, cancelled, or modified, the PTABs resolution of issues concerning claim construction, and its expert opinion comparing the claims to the asserted prior art, would be of benefit to this Court and the parties.  In fact, in the context of an IPR-like Covered Business Method (CBM) review by the PTAB, the Court of Appeals for the Federal Circuit noted: "Stays can be warranted even when a CBM proceeding does not address all asserted patents, claims, or invalidity defenses… there can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged in a CBM review."  *Versata Software, Inc. v. Callidus Software*, Inc., 771 F.3d 1368, 1371-72 (Fed. Cir. 2014).  *See also Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 13–CV–04160, 2014 WL 2511308, at *3 (W.D. Mo. June 4, 2014) ("The relevant inquiry… is not whether

the IPR would completely resolve this case, but rather whether it could make this litigation simpler and more efficient.").

Because instituted IPRs with respect to even just some of the patents-in-suit will almost surely simplify the issues and trial, litigation has been stayed in view of pending IPRs with much less overlap than exists in this case. For example, in a recent case granting a stay in this district, the court held that IPRs concerning just two of eleven patents-in-suit would nevertheless simplify the issues and thus weighed in favor of a stay. *See Acqis,*, 2015 WL 3617106, at *4. As one court noted, though "a stay would have greater potential to simplify the issues if all seven patents were involved in the IPR proceeding, this does not mean that a more limited review would not help simplify the case." *Service Solutions U.S., LLC v. Autel.US Inc.*, No. 13– 10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) (granting stay where only one of seven patents-in-suit was subject to IPR). Even though an IPR may not dispose of all the issues in the case, a "stay pending the IPR would avoid potentially wasteful discovery while narrowing the claims and defenses in the case." *Id. See also Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 12-cv-01109, 2014 WL 1369721 (D. Del. Apr. 7, 2014) (IPR of four of six patents); *PersonalWeb Techs.,* 2014 WL 116340, at *4 (IPR of three of four patents); *Delphix Corp. v. Actifio, Inc.,* No. 13-cv-04613, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014) (IPR of five of six patents); *SSW Holding Co., Inc. v. Schott Gemtron Corp.,* No. 12-cv-661, 2013 WL 4500091, at *4 (W.D. Ky. Aug. 21, 2013) (IPR of 3 of 61 claims). As another court explained, "if one or more independent (or dependent) claims are cancelled, then this action would not need to proceed on the merits for those specific invalid claims. On the other hand, if no asserted claims are cancelled or modified, this action may nevertheless benefit from the PTAB's findings." *Evolutionary Intelligence, LLC v. Apple, Inc.*, 13–cv–04201, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014).

Now that the IPRs have been instituted, it is much more certain that this sort of overlap will indeed simplify the issues in question and the trial of the case, even though a third party filed the IPRs.  First, it is now likely that the claims in IPR will be rendered invalid because the PTAB has already determined there is a "reasonable likelihood" that this will occur. *See Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, 13-cv-04205, 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014)  (granting stay based on third party IPRs, stating: "This case will be simplified if the PTO narrows or cancels *any* of the asserted claims, even if other claims remain in their original form.") (emphasis in original).  *See also e-Watch, Inc. v. ACTi Corp.,* 12-cv-00695, 2013 WL 6334372, at *7 (W.D. Tex. Aug. 9, 2013) (granting stay based on IPRs filed by third party concerning less than all the patents-in-suit, noting "if the USPTO invalidates any of the three patents-in-suit at issue or changes the scope and terms of any claim, the matters at issue in this Court will change. It is not necessary for ACTi to be a party to IPR proceedings….").

Additionally, even if some claims in IPR ultimately were not invalidated by the PTAB, with respect to those claims, the Court and the parties would then have an intrinsic record that contains the PTAB's expert analysis and conclusions with respect to the proper construction of the claims and a comparison of the subject prior art.  *See Intellectual Ventures v. Huntington Bancshares, Inc.*, 13-cv-00785, 2014 WL 2589420, at *5 (S.D. Ohio June 10, 2014) (granting stay based on third party IPRs, stating "[t]he fact that defendants are not statutorily estopped from raising the same arguments as the petitioners does not change the fact that the court would have the benefit of the Board's expertise in rejecting those same arguments."); *Intellectual Ventures I LLC v. PNC Financial Servs. Grp., Inc.*, 14-cv-00832, 2014 WL 3942277, at *2 (W.D. Pa. Aug. 12, 2014) (noting that the PTAB's  decision will nevertheless "become part of the intrinsic records of the patents, and will therefore, simplify the issues to be decided by [the] court.").

Troy does note that, in *SCVNGR, Inc. v. eCharge Licensing, LLC*, the court declined to grant a stay, where only three of eight patents in the litigation were subject to IPR.  No. 13-cv-12418, 2014 WL 4804738, at *10 (D. Mass. Sept. 25, 2014).  However, in that case, the movant was a declaratory *plaintiff*, who had initiated the lawsuit, seeking a declaration of invalidity.  *Id.* at *1.  Notably, the court observed that the movant was therefore free to dismiss its claims concerning the patents that were subject to the IPRs without prejudice, such that there would be no wasteful overlap.  *Id.* at *10.  That is not the case here, where Troy (which is not a multi-billion dollar corporation like Philips) is being forced to needlessly litigate seven patents, including five that the PTAB has already indicated are likely to be invalidated.  As discussed above, courts in this district and others have found a stay is appropriate in these circumstances.  *See, e.g., Acqis,*, 2015 WL 3617106, at *4 (two of eleven patents).

Indeed, in the process of obtaining its own stay, Philips[5] argued that it was warranted in view of IPRs for only three of the five patents-in-suit.  *Ilumisys, LLC v. Philips Electronics N. Am. Corp.*, 13-cv-14961 (ECF No. 39 at 1) (E.D. Mich. July 7, 2014), *attached at* Aldrich Decl., Ex. O.  Philips explained that, statistically, "it is likely that the asserted claims will be rejected by the PTO and cancelled or amended.  Since the claims challenged in the IPRs represent the *majority* of the claims asserted in this litigation, denying a stay could result in a complete waste of the Court's resources and time."  *Id.* at 14-15.  In its papers, Philips described in detail the many reasons why the IPRs would simplify the trial.  *Id.* at 12-17.

Because there is substantial overlap between the patents-in-suit and the patents undergoing *inter partes* review—which will at least produce intrinsic records addressing claim construction

---

5 Philips Electronics North America Corp.

and prior art analyses for most of the patents-in-suit, but which will likely eliminate those patents from the dispute altogether—weighs in favor of a stay.

### C. There Is No Prejudice to Plaintiffs

Plaintiffs cannot claim any genuine prejudice that would result from a stay of the litigation while the IPRs are resolved. As detailed above, Philips has a long-standing, substantial licensing program. It has been running this licensing program since 2008, and it has licensed hundreds of companies. *See* Aldrich Decl., Ex. L at 2. Philips has demonstrated a willingness to allow everyone onto the market in exchange for license payments, and as a result, the market is quite crowded. These facts belie any contention by Philips that it would somehow be prejudiced by a stay. *See Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-cv-03587, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (quotation omitted); *Destination Maternity Corp. v. Target Corp.*, 12 F.Supp.3d 762, 770 (E.D. Pa. 2014) ("that there are other competitors in the market undermines [the] assertion of undue prejudice because of loss of market value.").

This lack of any real prejudice also weighs in favor of a stay.


### IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Troy respectfully requests that the Court grant this Motion to Stay pending final disposition of WAC's IPRs of the '774, '690, '988, '138, and '399 patents.

TROY-CSL LIGHTING, INC.

By Its Attorneys,

*/s/ Fritz L. Schweitzer III*

Fritz L. Schweitzer III (*pro hac vice*)
David W. Aldrich (*pro hac vice*)
Steven B. Simonis (*pro hac vice*)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905
Telephone: 203-324-6155
Facsimile: 203-327-1096
E-mail: fschweitzer3@ssjr.com
E-mail:daldrich@ssjr.com
E-mail: ssimonis@ssjr.com
E-mail: litigation@ssjr.com

Louis M. Ciavarra (BBO #546481)
Douglas T. Radigan (BBO #657938)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone: 508-926-3497
Facsimile: 508-929-3197
E-mail: lciavarra@bowditch.com
E-mail: dradigan@bowditch.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants, as identified on the Notice of Electronic Filing

(NEF), and paper copies will be sent to those indicated as non-registered participants on

December 18, 2015, via first class mail.

*/s/ Fritz L. Schweitzer III*

13